**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BUSHNELL LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 26 C 7946 |
| | ) | Chief Judge Virginia M. Kendall |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ) | |
| | ) | |
| *Defendants*. | 0 | |

**<u>OPINION & ORDER</u>**

Plaintiff Bushnell LLC filed its Complaint on July 8, 2026. (Dkt. 1). Plaintiff now moves for entry of a preliminary injunction against the Defendants in Schedule A. (Dkt. 20); (Dkt. 9). Plaintiff's Motion fails for several reasons, and the Court dismisses this case under Federal Rule of Civil Procedure 4(m). First, Plaintiff's Motion repeatedly violates this Court's Standing Order. *See Standing Order*, ¶¶ 2(a), (b), (c), (e), 3, 5(b). "The Court requires strict compliance with these rules. The Court will reject any submission that fails to comply." *Id.* at 1. For instance, take joinder. Plaintiff makes no attempt to comply with this Court's order nor does it come close to satisfying Rule 20. The word joinder is not even in Plaintiff's Motion. (Dkt. 20). Plaintiff's Declaration of Paul Mills is boilerplate and contradicted. (Dkt. 15). Mills avers under penalty of perjury that the Defendants have "gone to great lengths to conceal their identities and use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores." (*Id.*, ¶ 13). Nothing supports this. Both Defendants list their business names and addresses on the face of their Amazon accounts. (*See* Dkt. 9).[1] Plaintiff failed to establish jurisdiction over Defendant dongguanshiyihengshangmaoyouxiangongsi ("Defendant No. 2") because Plaintiff failed to show any completed sales in this district. (*See* Dkt. 21-2 at 1) (showing one sale for Defendant zhengzhoutongzhixingyouleshebeiyouxiangongsi ("Defendant No. 1") and a series of random purchases for items for bachelorette parties); *Standing Order*, ¶ 2(c)(i) ("The declaration must show that this Court has personal jurisdiction over each defendant[.] Failure to comply will result in dismissal."); *Hublot SA v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2026 WL 1383202, at *1-3 (N.D. Ill. May 18, 2026); *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026). The Court therefore dismisses Defendant No. 2. *Id.*

[1] To the extent Plaintiff believes that Chinese business names written in Pinyin are "fictitious," this is unfounded.

Plaintiff makes no attempt to show why *ex parte* relief is required. While Plaintiff raises *ex parte* relief for just its request for an asset restraint (Dkt. 21 at 13-14), Plaintiff has not served Defendants nor provided them notice to challenge the injunction. (*See* Docket). The "circumstances in which an ex parte order should be granted are extremely limited." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). Plaintiff presented no factual basis warranting *ex parte* relief. *Id.* While Plaintiff cites a series of cases, many out of circuit, none answer this question: why here? Plaintiff also violated the Court's order by refusing to comply with its bond amount. (Dkt. 21 at 15); *Standing Order*, ¶ 2(e). At any rate, the Court need not identify every procedural issue, and it has not.

Even setting aside the myriad of procedural faults, Plaintiff's Motion fails on the merits. Plaintiff asserts the "BORESNAKE" trademark. (Dkt. 21 at 2-3). Plaintiff represents to the Court that "Defendant is selling a Counterfeit BORESNAKE pistol cleaning kits that include a cleaning cord using a counterfeit mark identical to the BORESNAKE Trademark." (*Id.* at 7). This is a misrepresentation. No evidence supports this. Even setting aside that Plaintiff makes no attempt to show the Court how the alleged Rifle Pistol Gun Cleaning Kit it purchased from Defendant No. 1 infringes its trademark, the Court has reviewed the alleged product and see ***no trademark at all***.

**CONCLUSION**

The Court denies Plaintiff's Motion (Dkt. 20) and dismisses the case. Fed. R. Civ. P. 4(m).

Virginia M. Kendall
United States District Judge

Date: November 10, 2026